# United States District Court

SOUTHERN DISTRICT OF NEW YORK

1199 SEIU UNITED HEALTHCARE WORKERS EAST,

JUDGE COTE

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER  08 CIV 6905

NEW BRIDGEVIEW COMPANY, LLC

TO: (Name and address of Defendant)

New Bridgeview Company, LLC
143-10 20th Avenue
Whitestone, NY 11357
718-961-1212

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

HANAN B. KOLKO, ESQ.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 BROADWAY, SUITE 501
NEW YORK, NY 10018

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AUG - 1 2008

J. MICHAEL McMAHON
CLERK                                                DATE
(BY) DEPUTY CLERK

American LegalNet, Inc
www.FormsWorkflow.com

AO 440 (Rev. 10/93) Summons in a Civil Action –SDNY WEB 4/99

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                     Date                                     Signature of Server

                                              _____
                                              Address of Server

_____
(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

96856

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
1199 SEIU UNITED HEALTHCARE WORKERS EAST,

                      Plaintiff,                COMPLAINT

NEW BRIDGEVIEW NURSING HOME

                      Defendant.
------------------------------------------------------------X

        Plaintiff, 1199 SEIU UNITED HEALTHCARE WORKERS EAST ("Plaintiff" or "Union"), by its attorneys, Meyer, Suozzi, English & Klein, P.C., as and for its Complaint respectfully alleges as follows:

## NATURE OF PROCEEDING

        1.     Plaintiff sues to confirm a labor arbitration award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185(c).

## JURISDICTION

        2.     This Court has jurisdiction over this proceeding pursuant to Section 301(c) of the LMRA, 29 U.S.C. Section 185(c).

## VENUE

        3.     Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

## THE PARTIES

        4.     Plaintiff Union, whose offices are located at 310 West 43rd Street, New York, New York, is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. Section 152(5).

5. Defendant New Bridgeview Nursing Home ("New Bridgeview") is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. Section 152(2). New Bridgeview's activities affect commerce within the meaning of Sections 2(6) and 2(7) of the LMRA, 29 U.S.C. Section 152(6) and (7).

## BACKGROUND

6. Pursuant to Memoranda of Agreement dated March 15, 2004 and August 23, 2007, New Bridgeview is bound by a collective bargaining agreement between the Union and the Greater New York Health Care Facilities Association, Inc. (the "CBA").

7. Section 23 of the CBA requires that New Bridgeview make payments to the 1199/SEIU Greater New York Benefit Fund ("Benefit Fund") for all covered employees.

8. Section 24 of the CBA requires that New Bridgeview make payments to the 1199/SEIU Greater New York Pension Fund ("Pension Fund") for all covered employees.

9. Section 25 of the CBA requires that New Bridgeview make payments to the 1199/SEIU Greater New York Education Fund ("Education Fund") for all covered employees.

10. Section 26 of the CBA requires that New Bridgeview make payments to the 1199/SEIU Greater New York Job Security Fund ("Job Security Fund") for all covered employees.

11. Section 27 of the CBA requires that New Bridgeview make

monthly payments to the 1199/SEIU Greater New York Participation Fund ("Worker Participation Fund") for all covered employees.

12. Section 28 of the CBA requires that New Bridgeview make payments to the 1199/SEIU Greater New York Child Care Fund ("Child Care Fund") for all covered employees.

13. In accordance with the CBA, any unresolved dispute concerning an employer's failure to make required contributions to the Pension, Benefit, Education, Child Care, Worker Participation, and Job Security Funds (together, the "Funds") is submitted to a designated Impartial Chairman to render a final and binding decision.

14. Section 9 of the CBA contains a broad arbitration provision under which the Union submitted to arbitration a dispute concerning New Bridgeview's failure to remit payment of contributions on behalf of its employees to the Funds.

## AS AND FOR ITS FIRST CAUSE OF ACTION

15. The Union repeats and realleges the allegations set forth in paragraphs "1" through "14" as stated above.

16. In accordance with the CBA, the Union submitted to arbitration before a duly designated Arbitrator, Martin F. Scheinman, Esq., a dispute concerning New Bridgeview's failure to remit contributions to the Funds due and owing for the period March 1, 2002 through January 26, 2008.

17. In accordance with notice duly given, Arbitrator Scheinman held a hearing on February 27, 2008 concerning New Bridgeview's failure to remit contributions to the

Funds.

18. After due consideration of all the evidence presented, in an award dated March 7, 2008 ("the March 7 Award") Arbitrator Scheinman ruled that New Bridgeview violated the CBA by failing to make the required contributions to the Funds. A copy of the March 7 Award is attached as Exhibit 1. The Arbitrator directed Concord to pay the Funds as follows:

**Pension Fund**

$49,502.89

**Benefit Fund**

$154,614.97

**Education Fund**

$2,982.37

**Child Care Fund**

$2,981.37

**Job Security Fund**

$1,490.75

**Worker Participation Fund**

$2,835.35

"Failure to pay in a timely fashion shall result in interest accruing at the interest rate of twelve percent (12%) per annum." March 7 Award at p. 4.

19. The Arbitrator sent written notice of his award to the Union and New Bridgeview.

20. New Bridgeview has failed and refused, and continues to fail and refuse, to fully comply with the March 7 Award, although it has made partial payment of the amounts due.

WHEREFORE, the Union respectfully prays for an Order and Judgment:

1. Confirming the March 7 Award of Martin F. Scheinman, Esq.

2. Directing New Bridgeview to pay the Funds the following sums, plus 12% interest from April 7, 2008 until payment is received:

| | |
|---|---|
| Pension Fund | $ 15,619.79 |
| Benefit Fund | $ 34,225.58 |
| Education Fund | $ 81.50 |
| Child Care Fund | $ 80.50 |
| Job Security Fund | $ 40.38 |
| Worker Participation Fund | $ 1,384.98 |
| **TOTAL** | **$ 51,432.73** |

3. Granting such other and further legal and equitable relief as the Court may deems just and proper, together with the reasonable attorney's fees and costs and disbursements for this proceeding.

Dated: New York, New York
       July 31, 2008

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

_____
Hanan B. Kolko (HK 1307)
Attorneys for Plaintiff
1350 Broadway, Suite 501
P.O. Box 822
New York, New York  10018-0026
212-239-4999
hkolko@msek.com

96747

# EXHIBIT 1

```
AWARD OF THE IMPARTIAL CHAIRMAN
------------------------------------X
In the Matter of the Arbitration     X

        between                      X

NEW BRIDGE VIEW NURSING HOME         X     Re: Delinquencies
                                     X         March 1, 2002 -
                                     X         January 26, 2008
              "Home"                 X

        -and-                        X

1199SEIU
UNITED HEALTHCARE WORKERS EAST       X

              "Union"                X
------------------------------------X
```

**APPEARANCES**

    <u>For the Home</u>
    PROSKAUER ROSE, L.L.P.
      David Diamond, Esq.


    <u>For the Union</u>
    MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
      Linda E. Rodd, Esq., of Counsel




**BEFORE:** Martin F. Scheinman, Esq., Impartial Chairman


**OPINION**

OPINION

The undersigned is designated as Impartial Chairman in a Collective Bargaining Agreement between New Bridge View Nursing Home ("Home") and 1199SEIU United Healthcare Workers East.

The Union filed a Demand for Arbitration on behalf of the 1199/SEIU Greater New York Benefit Fund, the 1199/SEIU Greater New York Pension Fund, the 1199/SEIU Greater New York Education Fund, the 1199/SEIU Greater New York Child Care Fund, the 1199/SEIU Greater New York Job Security Fund and the 1199/SEUI Greater New York Worker Participation Fund ("Funds") seeking contributions for the Home's alleged delinquencies in contributions for the period March 1, 2002 through January 26, 2008.

A hearing was held on February 27, 2008. At that time, both parties were afforded full opportunity to introduce evidence and argument in support of their respective positions. They did so. The hearing and record were declared closed on February 27, 2008.

I am mindful of the Home's claim regarding the circumstances it faces because of certain financial difficulty. However, while I am mindful of these concerns, they cannot excuse the obligation of the Home to pay the amounts due. I find the Funds have established the amounts claimed as due and owing.

2

Subject to any payments made, the amounts due to the Funds through January 26, 2008, are as follows:[1]

| | |
|---|---|
| 1199/SEIU Greater New York Benefit Fund | $ 154,614.97 |
| 1199/SEIU Greater New York Pension Fund | $ 49,502.89 |
| 1199/SEIU Greater New York Nursing Home Education Fund | $ 2,982.37 |
| 1199/SEIU Greater New York Nursing Home Child Care Fund | $ 2,981.37 |
| 1199/SEIU Greater New York Nursing Home Job Security Fund | $ 1,490.75 |
| 1199/SEIU Greater New York Worker Participation Fund | $ 2,835.35 |

These amounts must be paid within thirty (30) calendar days. Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office <u>receives</u> actual payment.

---

[1] There remains a dispute over an alleged audit balance for the period January 1, 2004 through December 28, 2006. This disputed balance is not covered by the terms of this Opinion and Award.

3

## AWARD

1. Subject to audit, the Home owes the various Greater New York Funds the amounts listed below as a result of delinquencies through January 26, 2008:

   | | |
   |---|---|
   | 1199/SEIU Greater New York Benefit Fund | $ 154,614.97 |
   | 1199/SEIU Greater New York Pension Fund | $ 49,502.89 |
   | 1199/SEIU Greater New York Nursing Home Education Fund | $ 2,982.37 |
   | 1199/SEIU Greater New York Nursing Home Child Care Fund | $ 2,981.37 |
   | 1199/SEIU Greater New York Nursing Home Job Security Fund | $ 1,490.75 |
   | 1199/SEIU Greater New York Worker Participation Fund | $ 2,835.35 |

2. These amounts must be paid within thirty (30) calendar days of this Opinion and Award.

3. Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office <u>receives</u> actual payment.

March 7, 2008.

_____
Martin F. Scheinman, Esq.,
Impartial Chairman

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NASSAU         )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

March 7, 2008.

_____
Martin F. Scheinman, Esq.,
Impartial Chairman

BRIDGEVIEW.FUNDS

5